## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Floyd B. Jones

v.

Virginia Employment Commission and
School Board of Spotsylvania County

January 24, 1986

By JUDGE JOHN A. JAMISON

I have carefully considered the arguments and memoranda of counsel as well as those mailed me by others interested in Mr. Jones's claim. All have been helpful. The brevity of this letter-opinion should not indicate any lack of intense study of this case. Each of your points has been considered even though not referred to herein.

Additionally, I have reviewed Code Section 60.1-67.1 confirming the scope and extent of judicial review of administrative acts. The statute clearly states that the finding of fact of the Virginia Employment Commission, as supported by the evidence, in the absence of fraud, is binding on this court. The court is not permitted to extend the authority which is limited by the above code section. Accordingly, I have confined my review to the pertinent questions of law.

Counsel has not alleged nor argued that fraud is an issue in this case. Therefore, the court can take no cognizance of fraud which may or may not appear in the restatement of the facts.

The commission found that the petitioner was told by the principal that at the end of the term the petitioner's employment contract would not be renewed. The petitioner did not follow through with the grievance procedure, did not contact the school superintendent and did not sign his renewal contract.

In its brief, the commission quite properly states that the "resignation in anticipation of discharge" doc-

trine may apply. However, it has been found that this is nonetheless a voluntary leaving. The petitioner made no effort to retain his job, but, more importantly, failed to follow the statutory provisions specifically for contract negotiations for non-tenured educators according to Code Section 22.1-305.

Therefore, this court finds that the facts as presented by the commission are supported by the evidence, and the court must sustain the Virginia Employment Commission's decision which found that Mr. Jones had not been discharged, but rather had voluntarily left work without good cause as contemplated by Code Section 60.1-58(a).